**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

JO-ANN WASHINGTON
18421 Woodland Drive
Triangle, Virginia 22172

*Individually and on Behalf of
All Others Similarly Situated*,

        Plaintiff

   v.

LUTHERAN FAMILY SERVICES
OF VIRGINIA, INC.
D/B/A ENCIRCLE
2965 Colonnade Drive, Suite 310
Roanoke, Virginia 24018

SERVE: W. David Paxton, Esquire
10 Franklin Road S.E., Suite 900
Roanoke, Virginia 24011

        Defendant.

Case No.:

## CLASS AND COLLECTIVE ACTION COMPLAINT

Named Plaintiff Jo-Ann Washington ("Named Plaintiff"), on behalf of herself and all others similarly situated, files her Class and Collective Action Complaint for individual and class-wide recovery of earned and unpaid wages, statutory liquidated damages, and attorneys' fees and costs against Defendant Lutheran Family Services of Virginia, Inc. d/b/a enCircle ("Defendant").

## PARTIES, JURISDICTION, AND VENUE

1. Named Plaintiff is an adult domiciliary of the Commonwealth of Virginia.

2. Named Plaintiff resides in Prince William County, Virginia.

1

3.      Named Plaintiff attaches her written consent as Exhibit 1 to participate as a plaintiff in this lawsuit seeking Class and Collective Action recovery against Defendant under the Federal Fair Labor Standards Act ("FLSA"), the Virginia Overtime Wage Act ("VOWA"), the Virginia Minimum Wage Act ("VMWA"), and the Virginia Wage Payment Act ("VWPA").

4.      During the five (5) years before the filing of this Class and Collective Action Complaint, through the date of judgment in this case ("the Class Period"), Defendant employed Named Plaintiff and more than One Hundred (100) Family Care Providers ("FCPs") within the Commonwealth of Virginia ("Class Members").

5.      Defendant is a corporation formed under the laws of the Commonwealth of Virginia.

6.      Defendant maintains its principal office in Roanoke, Virginia.

7.      During the period of approximately 2019, until about February 1, 2026, Defendant employed Named Plaintiff as an FCP to perform or provide in-home companionship services duties ("FCP duties") for individuals with intellectual or developmental disabilities who are contracted with or through Defendant ("Defendant's clients").

8.      During the Class Period, Defendant employed and paid Named Plaintiff to perform or provide FCP duties for Defendant's clients in her private home in Prince William County, Virginia.

9.      During the Class Period, Defendant employed and paid Class Members to perform or provide FCP duties for Defendant's clients in many or most counties throughout the Commonwealth of Virginia.

10. This Court has original Federal Question subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 arising from Named Plaintiff's Count against Defendant for recovery of earned and unpaid overtime premium wages and damages under the FLSA.

11. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Named Plaintiff's pendent state law Counts against Defendant for recovery of wages and damages under the VMWA, VOWA, and VWPA, because each arises out of the same nucleus of operative fact as Named Plaintiff's FLSA Count.

12. Pursuant to the foregoing, personal jurisdiction for all parties and claims is proper in this United States District Court for the Eastern District of Virginia, Alexandria Division.

**CLASS-WIDE MISCLASSIFICATION OF PLAINTIFF AND CLASS MEMBERS**

13. During the Class Period, Defendant misclassified Named Plaintiff and Class Members as non-employee contractors.

14. During the Class Period, Defendant supervised, managed, directed, and control the method and manner by which Named Plaintiff and Class Members performed or provided FCP duties for Defendant's clients.

15. During the Class Period, Defendant created Defendant's clients' Plan for Support ("PFS"), the primary document dictating the specific FCP duties Named Plaintiff and Class Members were required to perform or provide for Defendant's clients.

16. During the Class Period, Defendant required Named Plaintiff and Class Members to fully comply with Defendant's comprehensive Operations Manual, establishing mandatory procedures and rules governing nearly every aspect of Named Plaintiff and Class Members performing or providing FCP duties for Defendant' clients.

17.     During the Class Period, Defendant set, implemented, and communicated a formal disciplinary structure governing Named Plaintiff and Class Members' conduct related to performing or providing FCP duties for Defendant's clients.

18.     During the Class Period, Defendant held the right to terminate Named Plaintiff or Class Members if Named Plaintiff or any Class Members violated any of Defendant's policies, procedures, or operational requirements.

19.     During the Class Period, Defendant held the right to terminate Named Plaintiff or any Class Members "at will" and without prior notice or cause.

20.     During the Class Period, Defendant required Named Plaintiff and Class Members to maintain specific safety equipment, including a first-aid kit containing prescribed items, and were responsible for keeping such equipment stocked and compliant with Defendant's specifications.

21.     During the Class Period, Defendant required Named Plaintiff and Class Members to conduct mandatory safety drills, including monthly evacuation drills and periodic shelter-in-place drills.

22.     During the Class Period, Defendant required Named Plaintiff and Class Members to maintain locked storage for medications and records for Defendant's clients, and to fully comply with Defendant's precise medication administration protocols, including double-locking controlled substances and conducting daily medication counts.

23.     During the Class Period, Defendant required Named Plaintiff and Class Members to maintain documentation for Defendant's clients in a specific format, including daily support notes describing the FCP duties performed or provided for Defendant's clients, Defendant's clients' response, and Defendants' clients' progress or regression.

24.     During the Class Period, Defendant required Named Plaintiff and Class Members to complete documentation of FCP duties performed or provided for Defendant's clients on the same day services were rendered and by requiring Plaintiff and Class Member's submission of the same documentation to Defendant on a monthly schedule set and determined by Defendant.

25.     During the Class Period, Defendant prohibited Named Plaintiff and Class Members from leaving Defendant's clients unattended except where expressly permitted by Defendant.

26.     During the Class Period, Defendant required Named Plaintiff and Class Members to complete ongoing training, including CPR and First Aid certifications, annual Safety Care training, human rights training and examinations, and online training modules through Defendant's Relias system as a mandatory condition of Named Plaintiff and Class Members performing or providing and/or continuing to perform or provide FCP duties for Defendant's clients.

27.     During the Class Period, Defendant required Named Plaintiff and Class Members to maintain detailed financial records for funds belonging to Defendant's clients, including receipts and spending logs.

28.     During the Class Period, Defendant required Named Plaintiff and Class Members to comply with Defendant's mandated minimum monthly spending allowances and maximum account balances for Defendant's clients.

29.     During the Class Period, Defendant required Named Plaintiff and Class Members to notify Defendant before moving homes, remodeling, or allowing additional household members into the private homes where Named Plaintiff and Class Members performed or provided FCP duties for Defendant's clients.

30.     During the Class Period, Defendant held the right, at any reasonable time, for itself or its agents, including licensing specialists and human rights advocates, to enter Named Plaintiff and Class Member's private homes to ensure Named Plaintiff and Class Members, or their private homes, fully complied with Defendant's rules and policies, or to inspect Named Plaintiff and Class Members' records related FCP duties performed or provided for Defendant's clients.

31.     During the Class Period, Defendant required Named Plaintiff and Class Members to obtain Defendant's written approval before engaging in outside employment apart from performing or providing FCP duties for Defendant's clients.

32.     During the Class Period, Defendant required Named Plaintiff and Class Members to sign an agreement with Defendant imposing a one (1) year non-solicitation covenant, preventing Named Plaintiff or any Class Member from providing similar FCP duties for Defendant's clients after termination.

33.     During the Class Period, Defendant set and determined the rate, calculation, amount, and frequency of payment of Named Plaintiff and Class Members' compensation.

34.     During the Class Period, Defendant did not permit Named Plaintiff or Class Member to set pricing or otherwise determine the amount of money to charge Defendant's clients for performing or providing FCP duties.

35.     During the Class Period, the FCP duties Plaintiff and Class Members performed or provided for Defendant's clients were integral and central to Defendant's business operations.

36.     During the Class Period, Plaintiff and Class Members qualified as Defendant's employees under the FLSA, the VOWA, the VMWA, and the VWPA.

37.     During the Class Period, Defendant qualified as Plaintiff and Class Members' employer under the FLSA, the VOWA, the VMWA, and the VWPA.

## CLASS-WIDE VIOLATIONS

38.     Prior to and during the Class Period, Defendant and Named Plaintiff and Defendant and Class Members mutually agreed to written compensation plans.

39.     During the Class Period, Defendant held a written contractual duty to pay Named Plaintiff and Class Members full "free and clear" promised and earned monetary compensation due and owed each pay period.

40.     During the Class Period, Named Plaintiff and Class Members held a written contractual right to receive payment from Defendant in the full "free and clear" promised and earned monetary compensation due and owed each pay period.

41.     During the Class Period, Defendant paid Named Plaintiff and Class Members at a "day rate," calculated as a percentage of the "tier rate" set and paid by the Commonwealth of Virginia to Defendant.

42.     During the Class Period, the contractually prescribed "day rate" Defendant paid to Named Plaintiff and Class Members ranged from about $300.00 per day to about $450.00 per day.

43.     During the Class Period, Defendant directed and required that Named Plaintiff and Class Members were each responsible for the care and safety of Defendant's clients twenty-four (24) hours per day for Defendant's primary benefit.

44.     During the Class Period, Defendant employed Named Plaintiff and Class Members to either perform FCP duties for Defendant's clients or engaged Named Plaintiff and Class Members to be "on duty" or "engaged to wait" to perform or provide FCP duties and ensure the care and safety of Defendant's clients twenty-four (24) hours per day for Defendant's primary benefit.

45. During the Class Period, Named Plaintiff and Class Members regularly and customarily actively performed or provided FCP duties or related duties ensuring the care and safety of Defendant's clients between twelve (12) and twenty (20) compensable hours per day for Defendant's primary benefit.

46. During the Class Period, Defendant directed, had actual knowledge, or at least suffered or permitted Named Plaintiff and Class Members to regularly and customarily actively perform or provide FCP duties or related duties ensuring the care and safety of Defendant's clients between twelve (12) and twenty (20) compensable hours per day for Defendant's primary benefit.

47. During the Class Period, Defendant directed, had actual knowledge, or at least suffered or permitted Named Plaintiff and Class Members to perform or provide four (4) to twelve (12) hours per day "on duty" or "engaged to be wait" to perform FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

48. During the Class Period, Defendant directed, had actual knowledge, or at least suffered or permitted Named Plaintiff and Class Members to perform or provide four (4) to twelve (12) hours per day "on duty" or "engaged to be wait" to perform FCP duties or related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

49. During the Class Period, the "day rate" Defendant paid Named Plaintiff and Class Members calculated to a regular hourly rate ranging from $12.50 per hour ($300.00 paid per day / 24 compensable work hours per day = $12.50 per hour) to $18.75 per hour ($450.00 paid per day / 24 compensable work hours per day = $18.75 per hour).

50. During the Class Period, Defendant required Named Plaintiff and Class Members to use their private homes, personal property, and private vehicles to perform or provide FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

51. During the Class Period, Defendant knew, reasonably should have known, or had constructive knowledge that Named Plaintiff and Class Members suffered or used personal funds to pay or reimburse wear and tear, mileage, damage, and replacement or related or incidental costs and expenses reasonably estimated between $25.00 per day to $50.00 per day for use of their private homes, personal property, and private vehicles and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit ("FCP costs").

52. During the Class Period, Defendant directly benefited from the FCP costs that Named Plaintiff and Class Members paid or incurred for Defendant's primary benefit and on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

53. During the Class Period, Defendant failed to reimburse or repay Named Plaintiff or Class Members for FCP costs Named Plaintiff and Class Members paid or incurred on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

54. During the Class Period, Named Plaintiff and Class Members incurred a daily withholding, deduction, or "kick-back" of $25.00 to $50.00 per day arising from Defendant's failure to reimburse the FCP costs that Named Plaintiff and Class Members paid or incurred on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

55. During the Class Period, as direct result of Named Plaintiff and Class Members incurring a daily FCP cost withholding, deduction, or "kick-back" of $25.00 to $50.00 per day, Defendant materially breached its contractual duty to Named Plaintiff and Class Members by failing to pay Named Plaintiff and Class Members their full contractually promised and earned "free and clear" wages or monetary compensation in the amounts expressly set forth within Named Plaintiff and each Class Member's compensation plans.

56. During the Class Period, adjusting for the daily FCP cost withholding, deduction or "kick-back," the "day rate" Defendant paid Named Plaintiff and Class Members calculated to a "free and clear" regular hourly rate ranging from $10.42 per hour ($250.00 paid per day / 24 compensable work hours per day = $10.42 per hour) to $17.71 per hour ($425.00 paid per day / 24 compensable work hours per day = $17.71 per hour).

57. During many weeks of calendar years 2023 and 2024, Defendant paid Named Plaintiff and Class Members "free and clear" weekly wages at a "free and clear" regular hourly rate calculating to less than $12.00 per hour.

58. During the weeks of calendar years 2023 and 2024 that Defendant paid Named Plaintiff or any Class Member "free and clear" weekly wages at a "free and clear" regular hourly rate calculating to less than $12.00 per hour, Defendant failed to pay Named Plaintiff and Class Members "free and clear" wages for all weekly hours worked at a regular rate at least equal to the $12.00 per hour, the Virginia Minimum Wage Rate in effect during calendar years 2023 and 2024.

59. During many weeks of calendar year 2025, Defendant padi Named Plaintiff and Class Members "free and clear" weekly wages at a "free and clear" regular hourly rate calculating to less than $12.41 per hour.

60.     During the weeks of calendar year 2025 that Defendant paid Named Plaintiff or any Class Member "free and clear" weekly wages at a "free and clear" regular hourly rate calculating to less than $12.41 per hour, Defendant failed to pay Named Plaintiff and Class Members "free and clear" wages for all weekly hours worked at a regular rate at least equal to the $12.41 per hour, the Virginia Minimum Wage Rate in effect during calendar year 2025.

61.     During many weeks of calendar year 2026, Defendant padi Named Plaintiff and Class Members "free and clear" weekly wages at a "free and clear" regular hourly rate calculating to less than $12.71 per hour.

62.     During the weeks of calendar year 2026 that Defendant paid Named Plaintiff or any Class Member "free and clear" weekly wages at a "free and clear" regular hourly rate calculating to less than $12.71 per hour, Defendant failed to pay Named Plaintiff and Class Members "free and clear" wages for all weekly hours worked at a regular rate at least equal to the $12.71 per hour, the Virginia Minimum Wage Rate in effect during calendar year 2026.

63.     At no time during calendar years 2023, 2024, 2025, or 2026 did Defendant ever pay Named Plaintiff or any Class Member "free and clear" wages for all weekly compensable overtime exceeding forty (40) hours per week at the FLSA and Virginia-law required time-and-one-half overtime premium rate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

64.     Named Plaintiff bring his First Count as an FLSA Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all Class Members who, in any week during the FLSA 3-year recovery period, Defendant failed to pay "free and clear" overtime premium wages at FLSA required time-and-one-half overtime premium rate for all compensable hours exceeding forty (40) (the "FLSA Class").

11

65.    During the FLSA 3-year recovery period, Named Plaintiff and the members of the FLSA Class were similarly situated.

66.    During the Class Period, Defendant employed Named Plaintiff and Class Members to either perform FCP duties for Defendant's clients or engaged Named Plaintiff and Class Members to be "on duty" or "engaged to wait" to perform or provide FCP duties and ensure the care and safety of Defendant's clients more than forty (40) hours per week for Defendant's primary benefit.

67.    During the Class Period, Defendant willfully, recklessly, or in the absence of good faith failed to pay Named Plaintiff and Class Members at the FLSA required time-and-one-half overtime premium rate for all compensable hours exceeding forty (40) per week Defendant employed Named Plaintiff and Class Members to either perform FCP duties for Defendant's clients or engaged Named Plaintiff and Class Members to be "on duty" or "engaged to wait" to perform or provide FCP duties and ensure the care and safety of Defendant's clients for Defendant's primary benefit.

68.    On information and belief, the FLSA Class is comprised of Named Plaintiff and more than One Hundred (100) similarly situated Class Members.

69.    All members of the FLSA Class are known to Defendant and can be easily identified through records within Defendant's possession, custody, and control.

## RULE 23 CLASS ACTION ALLEGATIONS

70.    Named Plaintiff brings her VOWA, VMWA, VWPA, Breach of Contract, and Quantum Meruit/Unjust Enrichment Counts as a Class Action pursuant to Federal Rule 23(a) and (b)(3) on behalf of herself and all similarly situated Class Members.

71. The VOWA Class shall include Named Plaintiff and all Class Members who, in any week during the VOWA 3-year recovery period, Defendant failed to pay "free and clear" overtime premium wages at VOWA required time-and-one-half overtime premium rate for all compensable hours exceeding forty (40) (the "VOWA Class").

72. The VMWA Class shall include Named Plaintiff and all Class Members who, in any week during the VMWA 3-year recovery period, Defendant failed to pay "free and clear" wages at VMWA required Virginia Minimum Wage Rate for all compensable hours (the "VMWA Class").

73. The VWPA Class shall include Named Plaintiff and all Class Members who, in any week during the VWPA 3-year recovery period, Defendant failed to pay "free and clear" promised and earned wages for all hours worked, or "free and clear" wages at the time-and-one-half overtime premium rate rates for all compensable hours exceeding forty (40) (the "VWPA Class").

74. The Breach of Contract Class shall include Named Plaintiff and all Class Members who, in any pay period during the Class Period, Defendant failed to pay "free and clear" contractually promised and earned monetary compensation resulting from Defendant's withholding, deducting, or taking FCP cost "kickbacks" (the "Breach of Contract Class").

75. The Quantum Meruit/Unjust Enrichment Class shall include Named Plaintiff and all Class Members who, in any pay period during the 3-year Quantum Meruit/Unjust Enrichment recovery period, was denied fair and reasonable "free and clear" equitably owed monetary compensation resulting from Defendant unjustly enriching itself by withholding, deducting, or taking FCP cost "kick-backs" (the "Quantum Meruit/Unjust Enrichment Class").

76. Pursuit of Named Plaintiff and the Class Members' claims as a Class Action with

a VOWA Class, VMWA Class, VWPA Class, Breach of Contract Class, and Quantum Meruit/Unjust Enrichment Class will provide the most efficient mechanism for adjudicating all common claims for relief held by Named Plaintiff and Class Members arising under Virginia law.

77.    Common questions of law and fact predominate over any questions affecting Named Plaintiff or Class Members individually, and include:

(a)    Whether Defendant qualified as Named Plaintiff and Class Members' "employer" under the VOWA, VMWA, and VWPA;

(b)    Whether the Named Plaintiff and Class Members qualified as Defendant's "employees" under the VOWA, VMWA, and VWPA;

(c)    Whether Defendant had a contractual or equitable duty to pay Named Plaintiff and each Class Member full "free and clear" promised and earned and/or equitably owed monetary compensation in the full amount promised in Named Plaintiff and each Class Member's compensation plan;

(d)    Whether Defendant's failure to reimburse or repay Named Plaintiff and Class Members for FCP cost "kick-backs" caused or resulted in Defendant's material breach of its contractual duty or unjust enrichment caused by Defendant's failure to pay Named Plaintiff and Class Members all promised "free and clear" wages or monetary compensation promised, earned, and owed;

(e)    Whether Defendant's common compensation methodology caused or resulted in Defendant's failure to pay Named Plaintiff and Class Members "free and clear" wages for all weekly compensable hours at a rate at least equal to the Virginia Minimum Wage;

14

(f)    Whether Defendant's common compensation methodology caused or resulted in Defendant's failure to pay Named Plaintiff and Class Members for all compensable hours exceeding forty (40) per week at the full required "free and clear" time-and-one-half overtime premium rate; and

(g)    Whether Defendant acted knowingly in carrying out its violations of Named Plaintiff and Class Members' VOWA, VMWA, and VWPA wage payment rights.

78.    The identity of each Class Member comprising the VOWA Class, VMWA Class, VWPA Class, Breach of Contract Class, and Quantum Meruit Class is readily and easily ascertainable from Defendant's records.

79.    The VOWA Class, VMWA Class, VWPA Class, Breach of Contract Class, and Quantum Meruit/Unjust Enrichment Class are each comprised of more than One Hundred (100) Class Members, making each proposed class so numerous that joinder of all Class Members is impractical, and the common disposition of their common class-claims will benefit all Parties and the Court.

80.    Named Plaintiff's individual claims and relief against Defendant under the VOWA, VMWA, VWPA, Breach of Contract, and Quantum Meruit/Unjust Enrichment are typical of the claims and relief that any Class Member could assert in a separate individual action against Defendant under the VOWA, VMWA, VWPA, Breach of Contract, or Unjust Enrichment/Quantum Meruit.

15

81. Named Plaintiff, as proposed class representative, will fairly and adequately represent and protect the interests of all Class Members.

82. Named Plaintiff's undersigned attorneys, as proposed class counsel, are competent, experienced, and capable of fairly and adequately representing and protecting the interests of all Class Members.

## CAUSES OF ACTION

## COUNT I

**Violation of the FLSA**
**On Behalf of Named Plaintiff and the FLSA Class**

83. Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

84. During the 3-year FLSA recovery period, Defendant qualified as Named Plaintiff and each member of the FLSA Class's "employer" under the FLSA.

85. During the 3-year FLSA recovery period, Named Plaintiff and each member of the FLSA Class qualified as Defendant's "employee" under the FLSA.

86. During the 3-year FLSA recovery period, Defendant willfully, and in the absence of good faith, violated Named Plaintiff and members of the FLSA Class's FLSA overtime compensation rights by failing to pay Named Plaintiff and members of the FLSA Class "free and clear" FLSA-required time-and-one-half overtime premium wages for all compensable overtime Defendant suffered or permitted exceeding forty (40) hours per week.

87. Defendant is liable to Named Plaintiff and each member of the FLSA Class for unpaid "free and clear" overtime premium wages earned during the 3-year FLSA recovery period, statutory liquidated damages, interest, and attorneys' fees and costs.

## COUNT II
### Violation of the VOWA
### On Behalf of Named Plaintiff and the VOWA Class

88. Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

89. During the 3-year VOWA recovery period, Defendant qualified as Named Plaintiff and each member of the VOWA Class's "employer" under the VOWA.

90. During the 3-year VOWA recovery period, Named Plaintiff and each member of the VOWA Class qualified as Defendant's "employee" under the VOWA.

91. During the 3-year VOWA recovery period, Defendant knowingly, willfully, and in the absence of good faith, violated Named Plaintiff and members of the VOWA Class's VOWA overtime compensation rights by failing to pay Named Plaintiff and members of the VOWA Class "free and clear" VOWA-required time-and-one-half overtime premium wages for all compensable overtime Defendant suffered or permitted exceeding forty (40) hours per week.

92. Defendant is liable to Named Plaintiff and each member of the VOWA Class for unpaid "free and clear" overtime premium wages earned during the 3-year VOWA recovery period, statutory liquidated damages, interest, and attorneys' fees and costs.

## COUNT III
### Violation of the VMWA
### On Behalf of Named Plaintiff and the VMWA Class

93. Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

17

94.     During the 3-year VMWA recovery period, Defendant qualified as Named Plaintiff and each member of the VMWA Class's "employer" under the VOWA.

95.     During the 3-year VMWA recovery period, Named Plaintiff and each member of the VOWA Class qualified as Defendant's "employee" under the VMWA.

96.     During the 3-year VMWA recovery period, Defendant knowingly, willfully, and in the absence of good faith, violated Named Plaintiff and members of the VMWA Class's VMWA minimum wage rights by failing to pay Named Plaintiff and members of the VMWA Class "free and clear" VOWA-required wages at hourly rates at least equal to the Virginia Minimum Wage for all compensable hours Defendant suffered or permitted per week.

97.     Defendant is liable to Named Plaintiff and each member of the VMWA Class for unpaid "free and clear" overtime premium wages earned during the 3-year VMWA recovery period, statutory liquidated damages, interest, and attorneys' fees and costs.

## COUNT IV
### Violation of the VWPA
### On Behalf of Named Plaintiff and the VWPA Class

98.     Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

99.     During the 3-year VWPA recovery period, Defendant qualified as Named Plaintiff and each member of the VWPA Class's "employer" under the VWPA.

100.    During the 3-year VWPA recovery period, Named Plaintiff and each member of the VWPA Class qualified as Defendant's "employee" under the VWPA.

101. During the 3-year VWPA recovery period, as a direct and proximate result of Defendant's withholding, deducting, or taking of FCP cost "kickbacks, each scheduled pay period and upon termination, Defendant knowingly withheld and failed to pay full "free and clear" contractually promised and earned wages due and owed to Named Plaintiff and members of the VWPA Class for all compensable hours Defendant suffered or permitted per week.

102. During the 3-year VWPA recovery period, Defendant knowingly failed to pay Named Plaintiff and members of the VWPA Class all earned "free and clear" time-and-one-half overtime premium wages due and owed to Named Plaintiff and members of the VWPA Class for all compensable overtime Defendant suffered or permitted exceeding forty (40) hours per week.

103. Defendant is liable to Named Plaintiff and each member of the VVWPA Class for earned and unpaid "free and clear" wages due and owed during the 3-year VOWA recovery period, statutory liquidated damages (including trebled (3x) damages), interest, and attorneys' fees and costs.

## COUNT V
## BREACH OF WRITTEN CONTRACT
### On Behalf of Named Plaintiff and the Breach of Contract Class

104. Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

105. Prior to and during the Class Period, Defendant and Named Plaintiff and Defendant and each member of the Breach of Contract Class mutually agreed to written compensation plans.

106. During the Class Period, Defendant held a written contractual duty to pay Named Plaintiff and each member of the Breach of Contract Class full "free and clear" promised and earned monetary compensation due and owed each pay period.

107. During the Class Period, Named Plaintiff and each member of the Breach of Contract Class held a written contractual right to receive payment from Defendant in the full "free and clear" promised and earned monetary compensation due and owed each pay period.

108. During the Class Period, Defendant required, directed, or suffered or permitted Named Plaintiff and each member of the Breach of Contract Class to pay or incur FCP costs for Defendant's primary benefit and on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

109. During the Class Period, Defendant directly benefited from the FCP costs that Named Plaintiff and each member of the Breach of Contract Class paid or incurred for Defendant's primary benefit and on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

110. During the Class Period, Defendant failed to reimburse or repay Named Plaintiff or the members of the Breach of Contract Class for FCP costs Named Plaintiff and members of the Breach of Contract Class paid or incurred on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

20

111. During the Class Period, Named Plaintiff and each member of the Breach of Contract Class incurred a daily FCP cost withholding or deduction "kick-back" arising from Defendant's failure to reimburse the FCP costs that Named Plaintiff and each member of the Breach of Contract Class paid or incurred on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

112. During the Class Period, as direct result of Named Plaintiff and each member of the Breach of Contract Class incurring a daily FCP cost withholding or deduction "kick-back," Defendant materially breached its contractual duty to Named Plaintiff and each member of the Breach of Contract Class by failing to pay Named Plaintiff and the members of the Beach of Contract Class contractually promised and earned "free and clear" monetary compensation due and owed each pay period in the full amount expressly set forth in Named Plaintiff and members of the Breach of Contract Class's compensation plans.

113. During the Class Period, Named Plaintiff and members of the Breach of Contract Class to suffered contract damages in the amount of Named Plaintiff and members of the Breach of Contract Class's contractually promised and unpaid or withheld monetary consideration arising from Defendant's taking of CFP cost "kick-backs."

114. Defendant is liable to Named Plaintiff and each member of the Breach of Contract Class for contract damages in the amount of Named Plaintiff and members of the Breach of Contract Class's contractually promised and unpaid or withheld monetary consideration arising from Defendant's taking of CFP cost "kick-backs" during the Class Period, plus interest, and costs and expenses.

## COUNT VI
## QUANTUM MERUIT/UNJUST ENRICHMENT
### On Behalf of Named Plaintiff and the Breach of Contract Class

115. Named Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

116. Prior to and during the 3-year recovery period, Defendant and Named Plaintiff and Defendant and each member of the Quantum Meruit/Unjust Enrichment Class mutually agreed to written compensation plans.

117. During the 3-year recovery period, Defendant held a reasonable, foreseeable, and equitable duty to pay Named Plaintiff and each member of the Quantum Meruit/Unjust Enrichment Class full "free and clear" promised and earned monetary compensation due and owed each pay period.

118. During the 3-year recovery period, Named Plaintiff and each member of the Quantum Meruit/Unjust Enrichment Class held a reasonable, foreseeable, and equitable right to receive payment from Defendant in the full "free and clear" promised and earned monetary compensation due and owed each pay period.

119. During the 3-year recovery period, Defendant required, directed, or suffered or permitted Named Plaintiff and each member of the Quantum Meruit/Unjust Enrichment Class to pay or incur FCP costs for Defendant's primary benefit and enrichment and on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

120.    During the 3-year recovery period, Defendant directly benefited and was enriched from the FCP costs that Named Plaintiff and each member of the Quantum Meruit/Unjust Enrichment Class paid or incurred for Defendant's primary benefit and enrichment and on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

121.    During the 3-year recovery period, Defendant failed to reimburse or repay Named Plaintiff or the members of the Quantum Meruit/Unjust Enrichment Class for FCP costs Named Plaintiff and members of the Quantum Meruit/Unjust Enrichment Class paid or incurred on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

122.    During the 3-year recovery period, Named Plaintiff and each member of the Quantum Meruit/Unjust Enrichment Class incurred a daily FCP cost withholding or deduction "kick-back" arising from Defendant's failure to reimburse the FCP costs that Named Plaintiff and each member of the Quantum Meruit/Unjust Enrichment Class paid or incurred on Defendant's behalf while or in furtherance of performing or providing FCP duties and related duties ensuring the care and safety of Defendant's clients for Defendant's primary benefit.

123.    During the 3-year recovery period, as direct result of Named Plaintiff and each member of the Quantum Meruit/Unjust Enrichment Class incurring a daily FCP cost withholding or deduction "kick-back," Defendant was unjustly enriched by withholding or failing to pay the fair value of Named Plaintiff and the members of the Quantum Meruit/Unjust Enrichment Class's earned "free and clear" monetary compensation reasonably and equitably owed each pay period in the full amount expressly set forth in Named Plaintiff and members of the Quantum Meruit/Unjust Enrichment Class's compensation plans.

23

124. During the 3-year recovery period, Named Plaintiff and members of the Breach of Contract Class were denied fair, reasonable, and equitably owed monetary consideration arising from Defendant's unjust enrichment and taking of CFP cost "kick-backs."

125. Defendant is liable to Named Plaintiff and each member of the Quantum Meruit/Unjust Enrichment Class for equitable damages in the fair and reasonable amount of Named Plaintiff and members of the Quantum Meruit/Unjust Enrichment Class's reasonably and equitably owed and unpaid or withheld monetary consideration arising from Defendant's unjust enrichment and taking of CFP cost "kick-backs" during the 3-year recovery period, plus interest, and costs and expenses.

## **PRAYER FOR RELIEF**

Named Plaintiff, on her own behalf and on behalf of all other Class Members, prays for relief and judgment against Defendant as follows:

1. For certification of Named Plaintiff's proposed FLSA Class as a Collective Action under FLSA Section 216(b);

2. For certification of Named Plaintiff's proposed VOWA Class, VMWA Class, and VWPA Class pursuant to Federal Rule 23;

3. Award Named Plaintiff and all Class Members actual damages in the amount of all wages found due to Named Plaintiff and each Class Member;

4. Award Named Plaintiff and all Class Members all available statutory liquidated damages as provided by the FLSA, VOWA, VMWA, and VWPA;

5. Award Named Plaintiff and all Class Members pre- and post-judgment interest at the statutory rate;

6.     Award Named Plaintiff and Class Members' attorneys' fees and costs; and

7.     Award Named Plaintiff and Class Members all further legal or equitable relief as

this Court deems necessary, just, or proper.

Dated: March 18, 2026                          Respectfully Submitted,

/s/ *Gregg C. Greenberg*
Gregg C. Greenberg, VA Bar No. 79610
ZIPIN, AMSTER, & GREENBERG LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:  (301) 587-9373
E-Mail: GGreenberg@ZAGFirm.COM

/s/ *Matthew T. Sutter*
Matthew T. Sutter, V.A. Bar No. 66741
SUTTER & TERPAK, PLLC
7540 A Little River Turnpike, First Floor
Annandale, Virginia 22003
Telephone:  (703) 256-1800
E-Mail: Matt@SutterAndTerpak.Com

*Counsel for Named Plaintiff
and the Class Members*